UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GENERAL STAR INDEMNITY CO., )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>JEFFERS INSURANCE AGENCY, INC., )<br>ET AL., )<br>)<br>Defendants, )<br>) | Civil Action No: SA-15-CA-82-XR |

**ORDER**

On this date, the Court considered its jurisdiction over this case. This Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Plaintiff General Star Indemnity Company brings this action against Defendant Jeffers Insurance Agency, Inc., The Alisam Group, LLC, and San Antonio Merchant Shippers, LLC, asserting diversity jurisdiction. For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir.1988). The party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

According to the Complaint, Defendants The Alisam Group and San Antonio Merchant Shippers are both limited liability companies. The citizenship of an LLC depends on the citizenship

1

of all its members. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."). Plaintiff has only alleged the state of organization and the principal place of business of these Defendants; it has not alleged the citizenship of the members. Accordingly, it has failed to affirmatively demonstrate that the parties are diverse.

The Fifth Circuit has stated that a failure to adequately allege the basis for diversity jurisdiction "mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). However, 28 U.S.C. § 1653 grants courts the authority and discretion to allow parties to cure defective allegations of jurisdiction. *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010). Section 1653 should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties. *Id.* Plaintiff is therefore directed to file an Amended Complaint that adequately alleges the citizenship of the parties so that the Court may determine whether there is complete diversity, no later than **February 27, 2015.**

It is so ORDERED.

SIGNED this 12th day of February, 2015.

                                                XAVIER RODRIGUEZ
                                                UNITED STATES DISTRICT JUDGE